UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAYDEL DUMENIGO,

    Plaintiff,

v.                                          Case No:   8:15-cv-2015-T-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff, Maydel Dumenigo[1], seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] The Court notes that Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. 22) spells Plaintiff's name as "Maydal." The Court, however, will use the spelling of Plaintiff's name as it appears in the Complaint (Doc. 1) and throughout the Transcript.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If

the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on March 8, 2012, alleging disability beginning August 1, 2010. (Tr. 174-75). Plaintiff's application was denied initially on June 1, 2012, and upon reconsideration on July 19, 2012. (Tr. 94-98, 101-05). At Plaintiff's request, an administrative hearing was held before Administrative Law Judge Margaret Craig ("the ALJ") on January 9, 2014. (Tr. 43-73). On February 27, 2014, the ALJ entered a decision finding Plaintiff had not been under a disability from August 1, 2010, through the date of the decision. (Tr. 23-42). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on June 24, 2015. (Tr. 4-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on August 28, 2015.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 1, 2010, the alleged onset date. (Tr. 25). At step two, the ALJ found that Plaintiff had the following severe impairments: thoracic strain; polyarthritis, not

otherwise specified; obesity; and chronic pain syndrome. (Tr. 25). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform a limited range of light work as defined in 20 CFR 404.1567(b); specifically she can lift and carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8-hour workday; stand and/or walk 6 hours in an 8-hour workday; and engage in postural activities on an occasional basis. Claimant is restricted to jobs allowing for limited English fluency.

(Tr. 28). At step four, the ALJ found that Plaintiff was not capable of returning to her past relevant work as a "housekeeper, home (DOT 301.474-010), medium, semi-skilled." (Tr. 36).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 36). In reaching this decision, the ALJ relied on the testimony of a vocational expert who identified six jobs that Plaintiff could perform given her RFC, specifically, the jobs of "housekeeper/cleaner (DOT 323.687-014);" "fast food worker (DOT 311.472-010);" "advertising material distributor (DOT 230.687-010);" "silver wrapper (DOT 318.617-018);" "parking lot attendant (DOT 915.473.010);" and "office helper (DOT 239.567-010)." (Tr. 37). The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from August 1, 2010, through the date of the decision, February 27, 2014. (Tr. 38).

**II.    Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by finding that Plaintiff could perform certain jobs when the VE testified to the contrary; (2) whether the ALJ erred by relying on the testimony of the VE elicited in response to a vague and incomplete hypothetical question; and (3) whether the ALJ erred by failing to find that Plaintiff had the medically determinable impairment of carpal tunnel syndrome and failing to evaluate Plaintiff's complaints of limitations appropriately.  The Court will address each issue in turn.

**(a) Whether the ALJ erred by finding that Plaintiff could perform certain jobs when the VE testified to the contrary.**

Plaintiff argues that the ALJ erred in finding that Plaintiff could perform the jobs of housekeeper cleaner, fast food worker, and advertising material distributor.  (Doc. 22 p. 5-6). Plaintiff contends that the VE testified that a person who is only able to stand for six hours in a day would not be able to perform these jobs.  (Doc. 22 p. 5-6).  Plaintiff argues that because the ALJ limited to her to only standing and/or walking for 6 hours in an 8-hour workday, it was erroneous for the ALJ to find that she could work these jobs.  (Doc. 22 p. 5-6).

In response, Defendant argues that even if the ALJ erred by finding that Plaintiff could perform those jobs, substantial evidence supports the ALJ's decision because the ALJ identified a significant number of other jobs that Plaintiff could perform.  (Doc. 24 p. 8).

As discussed above, at step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v).  If the claimant is capable of performing other work, she will be found not disabled. *Id*.  In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989).  There are two ways in which the ALJ may make

this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).

Here, the Court finds that remand is inappropriate. Even if the Court were to find that Plaintiff is incapable of performing the jobs of housekeeper cleaner, fast food worker, and advertising material distributor due to her limitations concerning her ability to stand and/or walk, substantial evidence still supports the ALJ's finding that Plaintiff is capable of performing other work in the national economy. At step five, the ALJ identified six jobs that Plaintiff was capable of performing. Even subtracting the three jobs with which Plaintiff takes issues, the ALJ still identified a significant amount of jobs. The VE testified that there are 107,000 silver wrapper positions, 10,000 parking lot attendant positions, and 55,000 office helper positions nationwide. (Tr. 37, 63-71). Substantial evidence supports the ALJ's finding at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

**(b) Whether the ALJ erred by relying on the testimony of the VE elicited in response to a vague and incomplete hypothetical question.**

Plaintiff argues the ALJ erred by using the expression that Plaintiff had "limited English" and "limited English fluency" which the ALJ used at the administrative hearing in questioning the VE and in her hearing decision. (Doc. 22 p. 7). Plaintiff contends that these expression have no qualitative or quantitative meaning as the ALJ did not specify "how limited." (Doc. 22 p. 7). Plaintiff contends that it is unclear whether she could perform the jobs of officer helper, which has a language level of 2, and parking lot attendant, which has a language level of 1, but which requires talking and hearing people. (Doc. 22 p. 7).

In response, Defendant argues that the ALJ's hypothetical to the VE properly accounted for Plaintiff's ability to communicate in English and that Plaintiff's language skills do not prevent her from performing the work of parking lot attendant or office helper. (Doc. 24 p. 5).

In order for a VE's testimony to constitute substantial evidence, the ALJ's hypothetical question must comprise all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). Here, the ALJ's hypothetical question accounted for Plaintiff's limitations with the English language. The ALJ's hypothetical specified "a younger individual with limited English fluency." (Tr. 63). This description accurately described Plaintiff who stated that she could read and write in English in her disability report, testified that she had taken classes in English, and stated that she understand English "a little bit more," but when she speaks it she is "not able to speak it that well." (Tr. 50, 189). The VE's testimony reveals that the VE found that a hypothetical claimant with Plaintiff's RFC and "limited English fluency" would be able to perform the jobs of parking lot attendant or office helper. (Tr. 63-71). The VE testified that his testimony was consistent with the DOT. (Tr. 72). Despite Plaintiff's suggestion to the contrary, the Court sees no conflict between the VE's testimony and the DOT descriptions of parking lot attendant and office helper. The Court finds that the ALJ's finding that Plaintiff could perform the jobs of parking lot attendant and office helper supported by substantial evidence.

> **(c) Whether the ALJ erred by failing to find that Plaintiff had the medically determinable impairment of carpal tunnel syndrome and failing to evaluate Plaintiff's complaints of limitations appropriately.**

Plaintiff argues that substantial evidence does not support the ALJ's finding that Plaintiff has no limitation with respect to handling, fingering, and feeling, despite Plaintiff's diagnosis of carpal tunnel syndrome. (Doc. 22 p. 9). Plaintiff contends that the case should be remanded for the ALJ to reconsider whether Plaintiff has "any limitations, at all, with respect to handling,

fingering, and feeling, resulting from her carpal tunnel syndrome. (Doc. 22 p. 9). Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff's carpal tunnel syndrome was not a severe impairment. (Doc. 24 p. 8).

In her decision, the ALJ explained her reason for declining to find Plaintiff's right hand carpal tunnel syndrome was a severe impairment as follows:

> As far as the claimant's carpal tunnel syndrome, after a thorough review of the record, I could not find any evidence of a nerve conduction study of the claimant's extremities or other objective evidence measuring the extent of the claimant's alleged numbness and weakness in her hands. Although Dr. Thomas noted the claimant complained of numbness in her fingers in June 2012, her physical examination was unremarkable, except for some paresthesias in the right hand. Moreover, Dr. Thomas noted the claimant's grip strength was good. Furthermore, when seen in August 2012 by rheumatologist Dr. Janer, he noted that the claimant denied having joint stiffness, redness or warmth of the joints, weakness or tingling in her extremities. (Exhibit 7F). On January 27, 2013, the claimant presented to the emergency room at St. Joseph Hospital with complaints of back pain, but she denied having numbness or tingling in her extremities (Exhibit 9F). The medical evidence supports that these conditions are controlled by medication, have resolved, have not lasted for 12 months duration, and/or do not significantly limit the claimant's vocational ability to perform basic work-related activities. Thus, these conditions are "non-severe" as defined in the regulations (20 CFR 404.1521, 416.921, and Brady v. Heckler, 724 F. 2d 914, 920 (11th Cir. 1984)). Nevertheless, all associated limitations no matter how minimal, are considered in the decision.

(Tr. 26).

The Eleventh Circuit has explained that the diagnosis of a condition is insufficient to establish a severe impairment. *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005). Here, the ALJ acknowledged Plaintiff's diagnosis of carpal tunnel syndrome and thoroughly articulated her reasons for finding that the condition was not a severe impairment. It was Plaintiff's ultimate burden to establish that she was disabled. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a) and (c)). Plaintiff failed to carry her burden of establishing

that her carpal tunnel syndrome caused limitations greater than found by the ALJ in her RFC finding. Accordingly, the Court finds it appropriate to affirm the Commissioner's decision.

### III.    Conclusion

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 21, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties